S. T. DAVENPORT, Admr. of the Estate of J. B. DENISON, *v.* PHEBE HICKS and Others.

[In Chancery.]

*Homestead. Purchase Money. Foreclosure.*

1. The wife need not join with the husband in executing a mortgage on the homestead to secure its purchase money.
2. The defendant's husband purchased the premises, assuming an overdue mortgage on them. He then quit-claimed to the mortgagee; the mortgagee discharged the old mortgage, deeded back, and at the same time received a new mortgage, signed by the husband alone, in consideration of the old one. *Held*, to secure the purchase money.

Petition to foreclose a mortgage; heard on the report of a special master, at the December Term, 1880. Veazey, Chancellor, decided that the defendant was not entitled to a homestead; but that the orator was entitled to a decree of foreclosure. The case appears in the opinion of the court.

*H. W. Brigham* and *E. J. Temple*, for the defendants, contended that the mortgage was not given for the purchase money; that the old debt and mortgage were discharged, and cited *Curtis* v. *Ingham*, 2 Vt. 287; *Hutchinson* v. *Olcott*, 4 Vt. 549; *Beckwith* v. *Houghton*, 11 Vt. 602; *Chapman* v. *Durant*, 10 Mass. 47; *Varner* v. *Nobleborough*, 2 Greene, 121; *Moses* v. *Price*, 8 Am. 609; *Roberts* v. *Fisher*, 3 Am. 680; *Gibson* v. *Tobey*, 7 Am. 397; 13 Vt. 452; 26 Vt. 299; 29 Vt. 32; 31 Vt. 516.

*S. T. Davenport*, for the orator, cited 19 Vt. 463; 50 Vt. 345; Ib. 700; Ib. 216; 53 Vt. 554; Ib. 92.

The opinion of the court was delivered by

Ross, J. The single question presented for consideration, is whether Phebe Hicks, the widow of Alonzo Hicks, has a homestead interest, or right, in the premises covered by the mortgage

sought to be foreclosed. She and her husband went into the occupation of the premises in November, 1859, and occupied them as a homestead to the time of her husband's death in February, 1871; and she has so occupied them since the last-named date, most of the time. The orator's intestate had held a mortgage on the premises, in one form or another, since 1834. On November 5th, 1859, he held a mortgage thereon, a part of which was overdue, so that the legal title had become vested in said Denison— given by Gideon Hicks and William H. Hicks. Gideon Hicks and William H. Hicks for a time jointly owned and occupied the premises, subject to the last-named mortgage, until the decease of Gideon, May 24, 1859. Gideon left no property with which to pay his half of the mortgage except the mortgage premises. Alonzo Hicks, Nov. 5th, 1859, purchased William H. Hick's half of the premises; and as a part of the consideration of the purchase, agreed to pay and save William harmless from his half of the mortgage debt. Alonzo was appointed administrator on the estate of Gideon; and, having been duly licensed thereto by the Probate Court, by an administrator's deed, on the 2d day of October, 1861, conveyed the premises to said Denison. Denison at the same time executed a quit-claim deed of the same premises to Alonzo, who thereupon executed his notes to the intestate for the aggregate sum of one thousand dollars, and secured their payment by the mortgage sought to be foreclosed. This statement renders it apparent that the mortgage under consideration was given to secure the payment of part of the purchase money which was to be paid by Alonzo Hicks for the premises. About one half of the mortgage debt was for his purchase of. Gideon Hicks's half of the premises through the conveyances just named, and the rest was for what he had agreed to pay to Mr. Denison in his purchase of the other half of William H. Hicks, November 5th, 1859. The whole consideration for the mortgage moved from the intestate; for on the same 2d day of October, 1861, he discharged the mortgage on the premises, given him by Gideon Hicks and William H. Hicks, which ante-dated the purchase by Alonzo from William H. Hicks. Being given to secure the payment of a part of the purchase money of the mortgage premises, the mortgage could be executed by

Alonzo alone, and did not require the signature of his wife Phebe Hicks, to convey the homestead right or interest. These considerations affirm the decree of the Court of Chancery, without considering the two other grounds, on which the orator claims the decree should be affirmed.

The decree of the Court of Chancery is affirmed, and the cause remanded.